**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

EUGENE FRAZIER, JR.                          CIVIL ACTION NO. 26-0182

                                             SECTION P

VS.

                                             JUDGE ALEXANDER C. VAN HOOK

SHERIFF'S OFFICE SABINE                      MAG. JUDGE KAYLA D. MCCLUSKY
PARISH, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff Eugene Frazier, Jr., a prisoner at Morehouse Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 20, 2026, under 42 U.S.C. § 1983. He names the following Defendants: Sabine Parish Sheriff's Office, Deputy Jesse Branam, Deputy Josiah Steinke, and Deputy Adam Nelson.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that on May 24, 2021, a Sabine Parish officer, Deputy Jesse Branam, conducted an illegal traffic stop on his vehicle. [doc. #s 1, p. 3; 7, p. 1]. He alleges that Branam did not have probable cause for the stop because he did not commit any traffic violations. [doc. # 7, p. 2]. Plaintiff also claims that Branam illegally searched his vehicle. [doc. # 7, p. 2].

Plaintiff claims that Deputy Branam then falsely arrested him and charged him with four traffic violations and five felonies, including "safety belt use," "operating vehicle while license

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

suspended," "reckless operation of a vehicle," and possessing controlled dangerous substances. [doc. #s 1, p. 3; 7, pp. 1-2].

Plaintiff states that on November 9, 2024, a state court judge found probable cause for the charges.  [doc. # 7, p. 2].  However, Plaintiff maintains that the judge dismissed all his charges on April 17, 2025.  [doc. #s 1, p. 3; 7, p. 2].

Plaintiff also claims that on November 9, 2024, while his criminal proceeding was still pending, the Sabine Parish Sheriff's Office illegally sold his 2003 Oldsmobile vehicle.  [doc. #s 1, p. 3; 7, p. 2].

Plaintiff seeks compensation for the three years, 11 months, and 17 days he was in the Sabine Parish Detention Center, as well as for the alleged unlawful sale of his vehicle.  [doc. # 1, p. 4].

### Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions. *Iqbal, supra*.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not

satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Statute of Limitations**

District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981

F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period sua sponte.  *See*

*Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 actions is the same as the statute of limitations

in a personal injury action in the state in which the claim accrues.  *Wilson v. Garcia*, 471 U.S.

261, 279-80 (1984).  Thus, Louisiana's one-year personal injury statute of limitations, under LA.

CIV. CODE art 3492, applies here.[3]  *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law.

*Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779

F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the

aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of

due diligence, would have led to actual knowledge thereof."  *Piotrowski*, 51 F.3d at 516 (quoting

*Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)).  In other

words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is

the basis of the action."  *Brockman v. Texas Dep't of Crim. Just.*, 397 F. App'x 18, 22 (5th Cir.

2010).

A. May 24, 2021 Traffic Stop and Search

As above, Plaintiff claims that on May 24, 2021, Deputy Jesse Branam conducted an

illegal traffic stop.  [doc. #s 1, p. 3; 7, p. 1].  He alleges that Branam did not have probable cause

for the stop.  [doc. # 7, p. 2].  He suggests that Deputy Josiah Steinke and Deputy Adam Nelson

---

[3] "The Louisiana Legislature has recently repealed its one-year prescription on delictual actions, or torts, and substituted it with a two-year prescription." *Sibley v. Touro LCMC Health*, 2024 WL 5118489, at n.5 (5th Cir. Dec. 16, 2024) (citing LA. CIV. CODE art. 3493.1 (2024)).  "But that amendment only applies prospectively to actions arising after July 1, 2024." *Id.*  Because Plaintiff alleges that Defendants' relevant actions arose before July 1, 2024, the one-year period applies. *See Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024), cert. denied, 2025 WL 663720 (U.S. Mar. 3, 2025).

were present at the stop.  Plaintiff also claims that Branam illegally searched his vehicle.  [doc. # 7, p. 2].

Plainly, Plaintiff knew or had reason to know of the alleged unlawful stop and unlawful search the day the events occurred.[4]  Plaintiff had one year from that date, or until May 24, 2022, to file his claims.  As Plaintiff did not file this proceeding until, at the earliest, January 14, 2026,[5] the statute of limitations bars the claims.

The limitations period is subject to state tolling and equitable tolling in certain circumstances.  "[E]quitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (*citing Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)).  The plaintiff bears the burden of establishing that equitable tolling applies.  *Rotella v. Pederson*, 144 F.3d 892 (5th Cir. 1998); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) ("We have found that equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'") (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)).  Tolling can apply where "extraordinary circumstance[s] prevent[]" a plaintiff from filing suit.  *Richards v. Gonzales*, 2022 WL 3226621, at *1 (5th Cir. Aug. 10, 2022).

---

[4] *See generally Manuel v. Lehmberg*, 690 F. App'x 245, 246 (5th Cir. 2017) ("Manuel filed his complaint on August 15, 2015.  Because he alleges that his traffic stop occurred on April 9, 2011, his claim based on the unconstitutionality of the stop was barred by the two-year limitations period."); *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994) ("Moore certainly possessed the 'critical facts' concerning the allegedly unreasonable search of the car on the day it occurred[,] . . . when he became 'aware that he ha[d] suffered an injury or ha[d] sufficient information to know that he ha[d] been injured.'").

[5] Plaintiff signed his initial pleading on January 14, 2026.  [doc. # 1, p. 4].

Here, Plaintiff does not argue that any of his claims were tolled.  He does not allege, for instance, that any person's affirmative conduct reasonably induced him to forego filing suit within the limitations period.[6]

Accordingly, the Court should dismiss these claims as untimely.

B. <u>May 24, 2021 False Arrest</u>

The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).  Detention "pursuant to such process" occurs, "for example, [when the alleged victim] is bound over by a magistrate or arraigned on charges." *Id.* at 389.  Detention "pursuant to legal process" also occurs when a judge finds probable cause to detain a defendant pending trial. *Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012); *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 360 (2017) (observing that "the start of 'legal process' in a criminal case" occurred "after the judge's determination of probable cause."); *Garcia v. San Antonio, Texas*, 784 F. App'x 229, 232 (5th Cir. 2019) ("[A] judge first made a probable cause finding when Garcia appeared in court the morning after his arrest. This is the point at which legal process commenced.").

Here, Plaintiff's false arrest claim accrued at the latest on November 2, 2024, when he states that the state court judge found probable cause.  [doc. # 7, p. 2].  He therefore had one year, or until November 2, 2025, to file his false arrest claim.  As Plaintiff did not file his claim until January 14, 2026, at the latest, the Court should dismiss his claim as untimely.

---

[6] If Plaintiff contends that any of his claims were tolled for any reason, he may present his contention in an objection to this Report and Recommendation.

**3. Sabine Parish Sheriff's Office**

Plaintiff claims that on November 9, 2024, while his criminal proceeding was still pending, the Sabine Parish Sheriff's Office illegally sold his 2003 Oldsmobile vehicle. [doc. #s 1, p. 3; 7, p. 2].

Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, the Sabine Parish Sheriff's Office does not qualify as a juridical person. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."); *Aucoin v. Terrebonne Par. Sheriff's Off.*, 2022 WL 16657429, at *1 (5th Cir. Nov. 3, 2022). Accordingly, the Court should dismiss Plaintiff's claim against this entity.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Eugene Frazier, Jr.'s claims be **DISMISSED WITH PREJUDICE** as untimely, legally frivolous, and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

8

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 24th day of March, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge